November 12, 2020

Hon. Vince G. Chhabria
San Francisco Courthouse, Courtroom 4 – 17th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

Re:     *Atkinson, et al. v. Minted, Inc., Case No. 3:20-cv-03869* **Via ECF**

Your Honor,

The parties have conferred and submit this joint letter regarding their current discovery dispute.

1. **Plaintiffs' Position**

    **A. Summary of Issues and Meet and Confer Efforts**

    Plaintiffs ask the Court to order deferment of the class representatives' depositions until after Defendants' motion to compel arbitration is decided.

    During the parties' Rule 26 conference and initial CMC conference on September 9, Minted said it would move to compel arbitration based on a clause in its Terms and Conditions. Consistent with a recent order from the Central District of California,[1] Plaintiffs requested the number and/or percentage of Minted consumers who "clicked through" to the Terms and Conditions page with the arbitration clause at issue. In response, Minted requested depositions of both class representatives on the issue of contract formation. There is currently no Court order mandating discovery, however the parties agreed to meet and confer regarding a reasonable scope of discovery and stipulated to a schedule for any discovery ultimately agreed upon.

    Throughout September, Plaintiffs repeatedly requested a narrow set of basic information on the type of click through and other data Minted maintains numerous times during the month of September. Minted refused to provide that information based on its position that any discovery should be limited to the issue of contract formation between the two named class representatives and Minted. Unable to formulate narrow requests using the requested information, Plaintiffs instead proposed a broader list of potential discovery as a starting point for negotiation. Minted did not respond.

    In the meantime, on September 21 the Central District withdrew its decision granting click through discovery in *Iderstine* based on the Ninth Circuit's decision in *Dohrmann v. Intuit, Inc.*, *Dohrmann v. Intuit, Inc.*, No. 20-15466, 2020 WL 4601254 (9th Cir. July 16, 2020); *Dohrmann v. Intuit, Inc.*, No. 20-15466 (9th Cir. Oct. 2, 2020) (denying rehearing *en banc).*

    Recognizing these decisions may diminish the weight of the click through data as it relates to a motion to compel arbitration, and having received no response to their requests for an explanation of the data maintained by Minted, Plaintiffs withdrew their request for that data and sought to negotiate a new scope of discovery.

    On October 2, Plaintiffs proposed that Minted produce or disclose: (i) all copies of its Terms of Service since 2008; (ii) the dates Plaintiffs created accounts on www.minted.com and the Terms of Service in effect on those dates; and (iii) whether Plaintiffs created their accounts

---

[1] *See Iderstine v. Live Nation Entertainment, Inc.,* Case No. 20-3888-GW-GJSx (C.D. Cal. Aug. 3, 2020) (granting plaintiffs' request for discovery on click through rates to support opposition to a motion to compel arbitration).

through the "continue with Facebook" button and what percentage of class members created accounts via this method. In exchange, Plaintiffs would produce the class representative witnesses for remote, 2-hour depositions on the topic of contract formation before November 6, 2020. Plaintiffs concurrently provided the class representatives' general availability for depositions.

On October 8, however, Minted refused to provide the information as a sworn declaration or in any verified form – making it effectively valueless. In response to Minted's refusal to provide usable and reliable discovery, Plaintiffs terminated further discussions on this matter. Minted was silent for two weeks, during which time Plaintiffs determined that discovery was unlikely to assist the Court and not necessary to oppose Minted's motion to compel. Then, on October 22, Minted unexpectedly agreed to provide a sworn declaration and asked Plaintiffs for new deposition dates. In response, Plaintiffs made clear their position that they no longer seek discovery, and the parties should brief the motion to compel arbitration without discovery as is customary.

Late on November 5, Defendants noticed depositions of the class representatives for November 6. These pending notices do not indicate that testimony will be limited to issues pertaining to arbitration. Plaintiffs were not available at the noticed time, and on the morning of November 6, Plaintiffs served objections to both notices, confirming that the class representatives would not appear for a deposition on less than 24 hours' notice in violation of L.R. 30-1, do not consent to appearing for more than one seven-hour deposition pursuant to Fed. R. Civ. P. 30, and consider Defendant availing itself of the litigation process in court a waiver of its right to compel arbitration. Plaintiffs also conveyed their intent to ask the Court to quash Minted's deposition notices if not withdrawn or held in abeyance. Minted confirmed it would not withdraw the notices, causing Plaintiffs to submit this letter seeking relief.

### B. Objections and Relief Sought

Plaintiffs object to Minted's premature deposition requests on several grounds. *First,* and perhaps most importantly, Minted cannot seek to force Plaintiffs to arbitrate their claims out of court while simultaneously availing itself of the litigation process in court. Taking Plaintiffs' depositions at this juncture prejudices Plaintiffs by subjecting them to costly and time-consuming depositions while simultaneously seeking to force them to pursue their claims in a different forum. Minted's deposition notices are not limited to its motion to compel arbitration or contract formation, and instead seek to begin litigating the case on the merits. Proceeding with the noticed depositions will therefore constitute constructive waiver of Minted's right to compel arbitration.[2]

*Second,* these depositions are unduly burdensome and will prejudice Plaintiffs because all relevant evidence concerning contract formation is in Minted's sole possession, rendering

---

[2] *See, e.g., Morgan Stanley & Co., LLC v. Couch*, 134 F. Supp. 3d 1215 (E.D. Cal. 2015) (finding arbitration rights are subject to constructive waiver if three conditions are met: (1) the waiving party has knowledge of an existing right to compel arbitration; (2) there are acts by that party inconsistent with such an existing right; and (3) there is prejudice resulting from the waiving party's inconsistent acts); *see also Newirth v. Aegis Senior Cmtys., LLC*, 931 F.3d 935 (9th Cir. 2019) (finding the district court did not err in concluding that a senior community waived its right to arbitrate residents' class action fraud claims under the FAA because the community took actions inconsistent with its known right to arbitrate, including by taking advantage of the federal forum and failing to seek relief from case management and discovery obligations).

Plaintiffs' testimony entirely redundant. Minted has all versions of its Terms of Service within its possession and should know when Plaintiffs created their accounts, which Terms of Service were in effect at that time, and whether Plaintiffs logged in through Facebook. In a demonstration of good faith and at Defendant's request, Plaintiffs also recently provided the emails Plaintiffs used to create their Minted accounts to allow Defendant to verify information for its motion. Given that Defendant should have all relevant information needed for its motion, the depositions are not a necessary precursor to the motion to compel. *Third*, while Plaintiffs did consider agreeing to bifurcate their seven-hour depositions into two sessions in exchange for certain discovery from Minted, Defendant repeatedly refused to provide useful discovery in exchange, and Plaintiffs no longer seek that discovery. Plaintiffs therefore object to Minted's notice to the extent it violates Fed. R. Civ. P. 30. And *fourth,* the deposition notices violate Fed. R. Civ. P. 30(b)(2), which requires Defendants to "give reasonable written notice to every other party." Far from providing "reasonable written notice," Minted served merits deposition notices to Plaintiffs the night before the depositions, preventing Plaintiffs from arranging their schedules accordingly, adequately preparing for the depositions, or moving to quash.

For these reasons Plaintiffs ask the Court to order Defendant to hold the deposition notices in abeyance until its motion to compel arbitration is decided. In the alternative, if Plaintiffs must be deposed before Defendant's motion is decided, Plaintiffs request the Court order that (i) in accordance with the Federal Rules, Plaintiffs will not be required to sit for second depositions later in the case; (ii) Minted must produce any documents it intends to use during the depositions at least seven days in advance of the testimony; and (iii) taking the depositions will constitute constructive waiver of Defendant's right to compel arbitration.

2. **Defendant's Position**

Pursuant to this Court's Order dated September 17, 2020 (ECF No. 26), plaintiff's counsel and Minted confirmed a stipulation for arbitration-related discovery by an exchange of emails on October 2, 2020. That stipulation included allowing Minted leave to depose the two plaintiffs briefly on issues relevant to Minted's motion to compel arbitration. Although plaintiffs' counsel demanded more discovery from Minted after October 2, 2020, Minted ultimately acquiesced to this new demand, coming after the negotiated stipulation had been reached, and proposed specific dates for the brief depositions prior the November 6, the last day when discovery was permitted pursuant to the Court's Order. Plaintiffs' counsel advised on October 26, however, that they had changed their minds and would no longer go forward with their prior agreement reached on October 2. After multiple efforts to resolve the dispute, Minted noticed plaintiffs' depositions for 1 p.m. and 3 p.m. on November 6. After the deposition of plaintiff Atkinson commenced on November 6 (for which she failed to appear) the parties stipulated that plaintiffs could bring this motion for a protective order. Minted asks that plaintiffs' motion for a protective order be denied and the depositions proceed, in accordance with the stipulation and Court Order, or that plaintiffs be estopped from denying that they have actual knowledge of their agreement to arbitrate with Minted and that they are bound by that agreement.

A. **Factual Background**

Plaintiffs' recitation of the parties' prior conferences on arbitration-related discovery is not entirely accurate. Far from requesting only a "narrow set of basic information" at the outset of the parties' conferences in September, plaintiffs' counsel sought discovery spanning to

"complete data analytics files" for any third-party platform used by Minted, analytics pertaining to Minted's entire user base, all of Minted's "web server logs," and "log aggregation services and repositories" (unlimited in time), and documents otherwise evidencing the account information for all users potentially affected by the Incident at issue here. At no point did Minted fail to respond to plaintiffs' discovery proposal, as they falsely imply, but Minted rightfully objected to the broad scope of discovery pertaining to the alleged merits and putative class, but not plaintiffs, although Minted continually offered to provide more narrow information on the named plaintiffs if plaintiffs' counsel would limit the scope of their demands.

Plaintiffs ultimately withdrew their all-encompassing class and merits discovery requests on September 30, and the parties negotiated and agreed to a new scope of arbitration-related discovery. What plaintiffs claim here was only a *proposal* for discovery on October 2 is actually a *stipulation* confirmed in counsel's emails on that date (preceded by several weeks of conferences) as follows: (1) plaintiffs would appear for remote, two-hour depositions before November 6, 2020 limited to arbitration-related issues; and (2) Minted would disclose to plaintiffs' counsel (a) all arbitration agreements that Minted has ever used, including in all copies of its Terms of Service since 2008, (b) the date(s) that plaintiffs created their accounts on www.minted.com, and the Terms of Service in effect on those dates, and (c) if the information is available, whether plaintiffs created their accounts on www.minted.com through a "continue with Facebook" button, and the percentage of other customers who have done so.

As part of the parties' agreement, plaintiffs' counsel, Jennifer M. Oliver, expressly agreed that plaintiffs would sit for their arbitration-related depositions without objection to their appearance(s) at a second deposition later in the case, should the Court deny Minted's motion to compel arbitration, so long as plaintiffs' total time in deposition did not exceed the seven-hour limit under Rule 30. It is not true that Minted "repeatedly refused" the discovery proposed by plaintiffs, as they falsely claim. As soon as plaintiffs' counsel limited their discovery requests to matters pertaining to the named plaintiffs, the parties quickly reached an agreement. Minted is prepared to submit the exchange of correspondence dated October 2, 2020 confirming the parties' agreement should the Court wish to review it.

After the parties confirmed their agreement on the scope of arbitration related discovery (and after the deadline to notify the Court of any unresolved discovery matters, *see* ECF No. 26), plaintiffs' counsel demanded more discovery. Minted was resistant, but on threat that plaintiffs would not comply with the stipulation and Court Order, Minted acquiesced to plaintiffs' new demand for a declaration on October 22 and proposed dates for plaintiffs' depositions prior to the November 6 cut off set by ECF 26.

On October 26, counsel for plaintiffs advised that despite Minted's agreement to provide the additional discovery, plaintiffs were no longer willing to proceed with their prior stipulation. They admitted that that their position on discovery had simply changed. Counsel for Minted attempted over the following days to resolve this new dispute with plaintiffs' counsel, but when it became apparent that they would not provide dates for their agreed-upon depositions, Minted noticed them for the last available date under the Court's September 17 Order.[3] Minted

---

[3] Counsel for Minted offered to stipulate to schedule plaintiffs' depositions for a later date after November 6 if that was more convenient for them, but they declined this offer and have provided no dates for their depositions since reneging on the parties' stipulation.

repeatedly made clear that the notices were pursuant to plaintiffs' prior agreement to appear for two-hours for depositions limited to arbitration-related topics.

### B. Argument

Minted asks that plaintiffs be ordered to appear for depositions of up to two hours each on the issues of contract formation and arbitration or be estopped from denying that they have actual knowledge of their agreement to arbitrate with Minted and that they are bound by that agreement. A party may be compelled to arbitrate claims based on (1) an express agreement or (2) changed position (such as use of a website) following (a) actual or (b) imputed knowledge of the notice. *Cordas v. Uber Techs., Inc.*, 228 F. Supp. 3d 985, 990 (N.D. Cal. 2017) (assent to online terms may be shown by "actual or constructive knowledge of a website's terms and conditions"); 1 Witkin, *Summary of California Law,* Contracts § 188 (11th ed. 2020) (consent may be manifested by a "formal written offer and formal written acceptance" or "the offeror may use words, and the offeree may accept either in words or by contract"); 2 Ian C. Ballon, *E-Commerce and Internet Law: Treatise with Forms* § 21.03[2] (2d ed. 2020) ("Assent may be manifested explicitly (directly), such as by checking a box or clicking on a button, or impliedly (indirectly) through performance or other conduct."). Plaintiffs' refusal to proceed with a stipulation and court order for arbitration-related discovery is grounds to hold them estopped from denying their actual knowledge of the notice of arbitration and their agreement to arbitrate in opposition to Minted's forthcoming motion to compel arbitration. *E.g.*, *Tacori Enters. v. Beverlly Jewellery Co.*, 253 F.R.D 577, 581-85 (C.D. Cal. 2008) (granting preclusion sanction for party's willful failure to abide by discovery order). It is not unduly burdensome for plaintiffs to sit for their limited depositions where, as here, they expressly agreed they would in exchange for information and documents that Minted has agreed to provide. *E.g.*, *Newirth by and through Newirth v. Aegis Senior Communities, LLC*, 931 F.3d 935, 943 (9th Cir. 2019) ("costs incurred due to substantial discovery in federal court" not prejudicial to plaintiffs opposing motion to compel arbitration on waiver grounds).

But it is unreasonable for plaintiffs to simply decline to comply with a discovery schedule reached by agreement of counsel, at the direction of the Court at the Case Management Conference (ECF No. 26), where plaintiffs' counsel themselves requested discovery in connection with the motion, and pursuant to Court Order (ECF No. 23). Minted has spent significant time and resources in conferences and preparing for depositions.

Finally, plaintiff's waiver argument—raised for the first time after they declined to comply with the parties' stipulation and Court Order—has no merit. *E.g.*, *Paxton v. Macy's W. Stores, Inc.*, 118CV00132LJOSKO, 2018 WL 4297763, at *11 (E.D. Cal. Sept. 7, 2018) (defendant did not waive right to compel arbitration when it "took Plaintiff's deposition for the limited purpose of engaging in discovery about the arbitration agreement").

For the foregoing reasons, Minted respectfully requests that plaintiffs' motion for a protective order be denied. Minted requests that plaintiffs be ordered to appear for their remote, two-hour depositions limited to the topics of contract formation and arbitration, as they agreed they would. Alternatively, Minted requests that plaintiffs be estopped from presenting evidencing denying their actual knowledge of Minted's notice of arbitration and from denying their agreement to arbitrate disputes, in opposition to Minted's forthcoming motion to compel arbitration.

November 12, 2020
Page 6


Respectfully submitted,

__/s/ Jennifer M. Oliver_____                    _____/s/ Rebekah S. Guyon____

**MOGINRUBIN LLP**                                 **GREENBERG TRAURIG LLP**
Daniel J. Mogin, Esq., Bar No. 95624               Ian C. Ballon, Esq., Bar No. 141819
Jennifer M. Oliver, Esq., Bar No. 311196           1900 University Avenue, 5th Floor
Timothy Z. LaComb, Esq., Bar No. 314244            East Palo Alto, CA 94303
600 West Broadway, Suite 3300                      Tel: (650) 328-8500
San Diego, CA 92101                                ballon@gtlaw.com
Tel: (619) 687-6611
Fax: (619) 687-6610                                Rebekah S. Guyon Esq., Bar No. 291037
dmogin@moginrubin.com                              1840 Century Park East, Suite 1900
joliver@moginrubin.com                             Los Angeles, CA 90067
tlacomb@moginrubin.com                             Tel: (310) 586-7700
                                                   guyonr@gtlaw.com
**SCHACK LAW GROUP**
Alexander M. Schack, Esq., Bar No. 99126           *Attorneys for Defendant*
Natasha N. Serino, Esq., Bar No. 284711
Shannon F. Nocon, Esq., Bar No. 316523
16870 West Bernardo Drive, Suite 400
San Diego, CA  92127
Tel: (858) 485-6535
Fax: (858) 485-0608
alexschack@schacklawgroup.com
natashaserino@schacklawgroup.com
shannonnocon@schacklawgroup.com

*Attorneys for Plaintiffs*