**MOGINRUBIN LLP**
Daniel J. Mogin, Esq., Bar No. 95624
Jennifer M. Oliver, Esq., Bar No. 311196
Timothy Z. LaComb, Esq., Bar No. 314244
600 West Broadway, Suite 3300
San Diego, CA 92101
Tel: (619) 687-6611
Fax: (619) 687-6610
dmogin@moginrubin.com
joliver@moginrubin.com
tlacomb@moginrubin.com

**SCHACK LAW GROUP**
Alexander M. Schack, Esq., Bar No. 99126
Natasha N. Serino, Esq., Bar No. 284711
Shannon F. Nocon, Esq., Bar No. 316523
16870 West Bernardo Drive, Suite 400
San Diego, CA  92127
Tel: (858) 485-6535
Fax: (858) 485-0608
alexschack@schacklawgroup.com
natashaserino@schacklawgroup.com
shannonnocon@schacklawgroup.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| MELISSA ATKINSON AND KATIE RENVALL, INDIVIDUALLY AND ON BEHALF OF CLASSES OF SIMILARLY SITUATED INDIVIDUALS,<br><br>　　　　　　　　　Plaintiffs,<br>　v.<br>MINTED, INC.,<br><br>　　　　　　　　　Defendant. | Case No.: 3:20-cv-03869-VC<br><br>**[PROPOSED]** ORDER **AS MODIFIED** ON MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT, ATTORNEYS' FEES, COSTS, EXPENSES AND SERVICE AWARDS |

1

**ORDER ON MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT, ATTORNEYS' FEES, COSTS, EXPENSES AND SERVICE AWARDS; CASE NO. 3:20-CV-03869-VC**

This matter is before the Court on Plaintiffs' motion for final approval of the proposed class action settlement ("Settlement") and motion for attorneys' fees, expenses and service awards. Defendants do not oppose the motions. Plaintiffs, individually and on behalf of the proposed settlement class, and Defendant entered into a Settlement Agreement that settles the above-captioned litigation. The Court held a Final Approval Hearing and a hearing on the motion for attorneys' fees, expenses, and service awards on December 2, 2021.

Having considered the motions, the parties' Settlement Agreement together with all exhibits and attachments thereto, the record, and the briefs and oral argument in this matter, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. ~~The Proposed Final Judgment [ECF [ ]) is~~ **APPROVED.**

## FINAL SETTLEMENT AGREEMENT APPROVAL

2. Federal Rule of Civil Procedure 23(e)(2) requires the Court to determine whether the Settlement Agreement is "fair, reasonable, and adequate." Under this standard, the Court has considered the following factors in evaluating the Settlement Agreement: (1) the strength of Plaintiffs' case, balanced against the amount offered in settlement; (2) the Defendants' ability to pay; (3) the complexity, length and expense of further litigation; (4) the amount of opposition to the settlement; (5) the presence of collusion in reaching the settlement; (6) the reaction of class members to the settlement; (7) the opinion of competent counsel; and (8) the stage of the proceedings and the amount of discovery completed. *Churchhill Vill., L.L.C. v. General Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). For reasons discussed below, the Court finds that these factors weigh in favor of granting final approval and that the Settlement Agreement is fair, adequate and reasonable in light of these factors.

3. **Strength of the Case Balanced Against Amount Offered.** The $5,000,000 Settlement represents a substantial recovery for the Class, both in comparison to other data breach settlements and in consideration of the nonmonetary relief envisioned in the Settlement.

2

**[PROPOSED] ORDER ON MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT, ATTORNEYS' FEES, COSTS, EXPENSES AND SERVICE AWARDS; CASE NO. 3:20-CV-03869-VC**

4. **Defendants' Ability to Pay.** The Settling Parties have represented that Defendants have limited ability to pay, and the size of the potential recovery weighs in favor of the Settlement for any judgment entered against them in this case.

5. **Complexity, Length, and Expense of Further Litigation**. Approving the Settlement eliminates all time, burden, and expense associated with further litigation efforts. The Court finds that this factor weighs in favor of granting final approval.

6. **Opposition to the Settlement and Reaction of Class Members**. Out of 4,198,490 Class Members notified of the Settlement, none objected to the Settlement, and only 12 requested to be excluded from the Settlement. This demonstrates that Class Members support the Settlement and attests to its fairness. *Custom LED, LLC v. eBay, Inc*, No. 12-cv-00350-JST, 2014 WL 2916871, at *5 (N.D. Cal. June 24, 2014) (a .04% opt-out rate with one objection is an "overwhelmingly positive reaction" from class members). The Court finds that this factor supports final approval as well.

7. **Absence of Collusion**. The Settlement was the product of intense arm's length negotiations among skilled counsel well-versed in the strengths and weaknesses of the case. The Court finds that these negotiations do not indicate collusion and the Settlement is entitled great deference. *Garner v. State Farm Mut. Auto. Ins. Co.*, No. CV08-1365 CW EMC, 2010 WL 1687832, at *13 (N.D. Cal. Apr. 22, 2010).

8. **Opinion of Competent Counsel.** The Settlement was negotiated by highly skilled and experienced cybersecurity and class action lawyers. Counsel for both parties considered the numerous legal issues the case presented, as well as the relative strengths and weaknesses of the litigation. These competent lawyers endorse the Settlement, and the Court finds that this factor supports final approval.

9. **Stage of the Proceedings.** At the time the Settlement was signed, this litigation had been pending for nearly a year. During settlement negotiations, the parties exchanged relevant discovery necessary to make an informed decision regarding settlement. The Court finds that the

3
**[PROPOSED] ORDER ON MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT, ATTORNEYS' FEES, COSTS, EXPENSES AND SERVICE AWARDS; CASE NO. 3:20-CV-03869-VC**

stage of the proceedings at which the Settlement was reached, in combination with the factors discussed above, demonstrates that final approval is warranted.

10. The Court notes that there have been no objections to the Settlement and no concerns raised by any government entity.

11. For all of the reasons stated above, the Court therefore finds that the Settlement is in the best interests of Settlement Class Members and is fair, adequate and reasonable and satisfies the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process. The Court hereby finally approves of the Settlement and all of the terms and conditions therein.

## APPROPRIATE NOTICE

12. Federal Rule of Civil Procedure 23(c)(2)(B) requires that Settlement Class Members be provided "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (2) the definition of the class certified; (iii) the claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

13. The Court finds that the Notice Program the Court previously approved has been implemented and satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process. The Notice, which the Court approved, clearly defined the Settlement Class and explained the rights and obligations of the Settlement Class Members. The Notice explained how to obtain cash payment and credit services from the Settlement, how to contact Class Counsel and the Settlement Administrator, how to opt out, and how to object. The Court appointed A.B. Data as the Settlement Administrator to fulfill the duties of the Notice Program.

14. The Notice Program permitted Class Members to access information and documents about the case to inform their decision about whether to participate, opt out, or object

4

**[PROPOSED] ORDER ON MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT, ATTORNEYS' FEES, COSTS, EXPENSES AND SERVICE AWARDS; CASE NO. 3:20-CV-03869-VC**

to the Settlement.

15. Plaintiffs have submitted declarations confirming that e-mail and digital media notice were given to the Class conforming to the requirements set forth in the Preliminary Approval Order.

16. The Court therefore finds that the Plaintiffs have delivered the most effective and best notice practicable under the circumstances of the Settlement Agreement and constituted due and sufficient notice for all other purposes to all Class Members entitled to receive notice.

17. The Court further finds that the proposed plan to distribute funds to Class Members is fair and reasonable. The proposed mechanism for distributing Settlement Funds, *pro rata* to all allowed claims, is reasonable and recommended by experienced and competent Class Counsel.

18. Plaintiffs' request to finally appoint A.B. Data, Ltd. as Notice and Claims Administrator ("Settlement Administrator") is **GRANTED** and Plaintiffs' proposed notice plan is **APPROVED.**

## **FINAL CERTIFICATION OF SETTLEMENT CLASS**

19. The Court preliminary found class certification appropriate under Federal Rule of Civil Procedure 23. The Court finds final certification of the settlement class appropriate, as well. Accordingly, pursuant to Federal Rule of Civil Procedure 23, the following Settlement Class **IS CERTIFIED:**

> All residents of the United States who had a Minted online account, or provided Minted their name, email address, street address and/or other personal information via email, the Minted website, or other online communications, on or before June 27, 2020. The Settlement Class excludes: (i) Minted and its officers and directors; (ii) all Settlement Class Members who timely and validly request to opt-out from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) potential class members who have provided Minted with an express release of claims arising out of or related to the Security Incident prior

5

**[PROPOSED] ORDER ON MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT, ATTORNEYS' FEES, COSTS, EXPENSES AND SERVICE AWARDS; CASE NO. 3:20-CV-03869-VC**

to the Effective Date of the Settlement.

20. The Court has conducted a rigorous Rule 23 analysis and finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a): the Settlement Class is comprised of approximately 4,198,490 individuals; there are questions of law or fact common to the Settlement Class, such as whether Defendant adequately secured its data; the Settlement Class Representatives' claims are typical of those of Settlement Class Members, as they were each subject to the Minted data breach; and the Settlement Class Representatives and their counsel have fairly and adequately protected the interests of the Settlement Class, and shall continue to do so.

21. The Court finds that the Settlement Class also satisfies the requirements of Federal Rule of Civil Procedure 23(b): the questions of law or fact common to Settlement Class predominate over individual questions, and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

## FINAL APPOINTMENT OF CLASS COUNSEL

**22.** Plaintiffs' request to finally appoint Jennifer Oliver of MoginRubin LLP and Natasha Serino of Schack Law Group as Class Counsel is **GRANTED.**

## THE REQUEST FOR ATTORNEYS' FEES, EXPENSES AND SERVICE AWARDS IS REASONABLE

23. The Court finds that the request for an award of attorneys' fees (ECF 57) is fair, adequate and reasonable. The relevant factors used to determine the reasonableness of the requested fee award in common fund cases such as this are the market rate, fee awards in similar matters, the nature of this case – including the risk of non-recovery, and amount and quality of Class Counsel's work. The Court finds that all of these factors support awarding the interim fee request of 23.75 percent of the Settlement Funds.

24. **Market Rate.** The requested fees are fair and reasonable under the two approaches used to award attorneys' fees, the "percentage of recovery" and the "lodestar" approach. The percentage of recovery method is used in this District and in many class actions. The requested

**[PROPOSED] ORDER ON MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT, ATTORNEYS' FEES, COSTS, EXPENSES AND SERVICE AWARDS; CASE NO. 3:20-CV-03869-VC**

23.75 percent of the cash portion of the Settlement is well-within the range of acceptable fees and does not take into account the substantial non-cash relief, including cyber-security enhancements, credit monitoring and identity restoration services. As a cross-check, using the lodestar method produces a low, less than a 1.6 multiplier calculated using Class Counsel's historical hourly rates. The Court therefore approves the hourly rates Class Counsel submitted as reasonable and finds that the 23.75 percent requested recovery is within the market rate for fee requests.

25. In support of their request for an interim fee award, Class Counsel submitted declarations of Natasha Serino and Jennifer Oliver. Both attorneys demonstrate that the requested fee percentage is reasonable and within the range of fees sought in their non-contingent cases. The Court finds these declarations persuasive, and supportive of 23.75 percent as within the market rate.

26. **Fee Awards in Similar Matters.** The Court further finds that, as set forth in Plaintiffs' Motion for Attorneys' Fees, the requested percentage is within range of the market rates approved in other complex class action cases, demonstrating the reasonableness of the request.

27. **Nature of the Case and Risks.** The Court finds that the risk of nonpayment in this case further justifies the requested fee award. Cybersecurity class action cases are particularly complex and risky, and relatively novel given the recent emergence of new statutes. Notwithstanding, Class Counsel vigorously represented their clients. If the case proceeded to trial, Plaintiffs would likely face additional evidentiary challenges, trial risks on liability and damages, post-trial motions, appeals, and more. These risks, combined with the fact that Class Counsel litigated this case without compensation but while contributing their own funds up front, support the requested award.

28. **Amount and Quality of Class Counsel's Work.** Finally, the Court finds that the amount and quality of the work performed by Class Counsel in this case justifies the requested fees. Class Counsel argued their case professionally and effectively at each stage of the litigation. ~~The Court finds that Class Counsel's representation was vigorous, efficient and effective, and the~~

7

**[PROPOSED] ORDER ON MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT, ATTORNEYS' FEES, COSTS, EXPENSES AND SERVICE AWARDS; CASE NO. 3:20-CV-03869-VC**

~~facts and theory developed were key in achieving the Settlement, an outstanding result for the Class.~~

29. Plaintiffs' Motion for Attorneys' Fees, Expenses and Service Awards (ECF 57) is **GRANTED.**

An award of attorney's fees of $1,187,537.05 plus costs of $12,462.95, is hereby approved and awarded to Plaintiffs' Counsel to be paid from the Settlement Fund, with 10% of the fees held back in accordance with the next paragraph.

30. Plaintiffs' request for a waiver of the 10% holdback of attorneys' fees set forth in Standing Order for Civil Cases before Judge Vince Chhabria at 16-17 is **DENIED.** 10 percent of the attorney fee award will be held back pending the filing of a Post-Distribution Accounting by class counsel. The Post-Distribution Accounting should explain in detail when payments were made to class members, the number of members who were sent payments, the total amount of money paid out to members, the average and median recovery per class member, the largest and smallest amounts paid to class members, the number and value of cashed and uncashed checks, the number of members who could not be contacted (if any), the number of objections and opt-outs, the number of class members availing themselves of Credit Services, the aggregate value of the non-monetary relief, the amount of any *pro rata* distribution, any significant or recurring concerns communicated by class members to the settlement administrator and counsel since final approval, and any other issues in settlement administration since final approval, and how any concerns or issues were resolved. Class Counsel are expected to diligently supervise the administration of the settlement and remain in close contact with the settlement administrator. With the Post-Distribution Accounting, class counsel should submit a proposed order releasing the remainder of the fees.

31. Plaintiffs' request to finally appoint Melissa Atkinson and Katie Renvall as class representatives and for each class representative to receive a service fee of $5,000 from the Settlement fund is **GRANTED.**

8

**[~~PROPOSED~~] ORDER ON MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT, ATTORNEYS' FEES, COSTS, EXPENSES AND SERVICE AWARDS; CASE NO. 3:20-CV-03869-VC**

## RELEASE AND JUDGMENT

32. The Settlement Agreement executed by the parties, and all terms contained therein, are hereby incorporated by reference. All Settlement Class Members shall be bound by the terms of the Settlement Agreement upon entry of this final approval order. The parties are hereby ordered to comply with the terms of the Settlement.

33. Pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgment should be entered and there is no just reason for delay in the entry of Judgment, as a Final Judgment, as to the parties to the Settlement Agreement.

34. Defendant is hereby completely released, acquitted and forever discharged from the Released Claims.

## JURISDICTION

35. Without affecting the finality of the Final Judgment, the Court retains exclusive jurisdiction for the purposes of: (a) enabling any of the Settling Parties to apply to this Court at any time for such further orders and directions as may be necessary and appropriate for the construction or carrying out of the Settlement Agreement and this Final Judgment, (b) for the enforcement or compliance herewith; and (c) implementation, administration, effectuation and enforcement of the Settlement Agreement and its terms, as further detailed in the Settlement

9

**[PROPOSED] ORDER ON MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT, ATTORNEYS' FEES, COSTS, EXPENSES AND SERVICE AWARDS; CASE NO. 3:20-CV-03869-VC**

Agreement. The Court also has jurisdiction and authority to enforce the provisions of this final approval order and the Court's judgment.

## PAYMENT AND POST-DISTRIBUTION ACCOUNTING

36. Payment distribution and notification to Class Members regarding activation of credit services will commence 60 days from the date of this Order and conclude 90 days from the date of this Order.

37. The deadline for Plaintiffs to file a report on post-distribution accounting is 111 days from the date of this Order.

38. ~~Pursuant to the Standing Order for Civil Cases before Judge Vince Chhabria at 17, the post-distribution accounting that Class Counsel will file shall contain the following: (1) when payments were made to class members; (2) the number of members who were sent payments; (3) the total amount of money paid out to members; (4) the average and median recovery for class member; (5) the largest and smallest amount paid to class members; (6) the number and value of cashed and uncashed checks; (7) the number of members who could not be contacted; (8) the number of objections and opt outs; (8) any significant or recurring concerns communicated by members to the Settlement Administrator and Class Counsel since final approval; (9) the number of class members availing themselves of Credit Services; (10) the aggregate value of the non-monetary relief; and (11) any other issues in Settlement Administration since final approval and how any concerns or issues were resolved.~~

**IT IS SO ORDERED.**

Dated this \_\_17th\_\_ day of \_\_December\_\_, 2021.

_____
Vince Chhabria

United States District Court Judge